**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 07-1226

WONSEH MANGO ZOE,

                    Petitioner,

          v.

MICHAEL B. MUKASEY, Attorney General,

                    Respondent.

On Petition for Review of an Order of the Board of Immigration Appeals.  (A98-544-571)

Submitted:  February 22, 2008          Decided:  March 10, 2008

Before MICHAEL and DUNCAN, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Petition denied by unpublished per curiam opinion.

David Goren, LAW OFFICE OF DAVID GOREN, Silver Spring, Maryland, for Petitioner.  Peter D. Keisler, Assistant Attorney General, M. Jocelyn Lopez Wright, Assistant Director, Stacey I. Young, Office of Immigration Litigation, Civil Division, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Wonseh Mango Zoe, a native and citizen of Liberia, petitions for review of an order of the Board of Immigration Appeals ("Board") dismissing her appeal from the immigration judge's ruling denying her asylum, withholding of removal, and protection under the Convention Against Torture.[*] We deny the petition for review.

Zoe challenges the immigration judge's ruling that she failed to prove her claim of past persecution. She does not challenge the Board's ruling that, regardless of whether she suffered past persecution, "[t]here has been a fundamental change in circumstances such that the applicant no longer has a well-founded fear of persecution" in Liberia. 8 C.F.R. § 1208.13(b)(1)(i)(A) (2007). We conclude that the Board's denial of relief based on this provision is not manifestly contrary to law or an abuse of discretion. 8 U.S.C.A. § 1252(b)(4)(D) (West 2005).

Zoe also argues that she was entitled to humanitarian relief under 8 C.F.R. § 1208.13(b)(iii)(A) (2007). Our precedent reserves eligibility for this type of asylum "for the most atrocious abuse," "where past persecution is so severe that it would be inhumane to return the alien even in the absence of any

_____

[*]Zoe's brief does not challenge the denial of withholding of removal or protection under the Convention Against Torture. Therefore, she has waived the issues on appeal. See Edwards v. City of Goldsboro, 178 F.3d 231, 241 n.6 (4th Cir. 1999) (noting that issues not briefed or argued are deemed abandoned).

risk of further persecution." Gonahasa v. INS, 181 F.3d 538, 544 (4th Cir. 1999). As the court observed in Naizqi v. Gonzales, 455 F.3d 484, 488 (4th Cir. 2006), "[o]ur decisions have been true to this narrow construction," citing Ngarurih v. Ashcroft, 371 F.3d 182, 189-91 (4th Cir. 2004) (alien interrogated under threat of death, held for a week in a dark cement cell flooded at intervals with cold water, and imprisoned for months in solitary confinement did not qualify); Rusu v. INS, 296 F.3d 316, 318, 325 (4th Cir. 2002) (alien interrogated, assaulted and tortured by means including removal of his teeth with pliers and a screwdriver did not qualify). The court in Ngarurih, 371 F.3d at 190, cited with approval the decision in Bucur v. INS, 109 F.3d 399, 405 (7th Cir. 1997), which described the humanitarian asylum regulation as "designed for the case of the German Jews, the victims of the Chinese 'Cultural Revolution,' survivors of the Cambodian genocide, and a few other such extreme cases." The abuse described by Zoe, though deplorable, does not reach this level. Therefore, the Board did not err in denying asylum under this provision.

We deny Zoe's petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

PETITION DENIED

- 3 -